**UNITED STATES of America,**
**Appellee,**

v.

**Armando GONZALEZ–GONZALEZ,**
**Appellant.**

**No. 75–1463.**

United States Court of Appeals,
Ninth Circuit.

Aug. 26, 1975.

Rehearing Denied Oct. 22, 1975.

Leslie E. Osborne, Jr., San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., William A. Shaw, Asst. U. S. Atty., on the brief, San Diego. Cal., for appellee.

## OPINION

Before CHAMBERS and BARNES, Circuit Judges, and von der HEYDT, District Judge.[*]

BARNES, Senior Circuit Judge:

On September 7, 1974, Congress enacted 18 U.S.C. § 5036, which reads:

"If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed on motion of the alleged delinquent or at the direction of the court, unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel,

or would be in the interest of justice in the particular case. Delays attributable solely to court calendar congestion may not be considered in the interest of justice. Except in extraordinary circumstances, an information dismissed under this section may not be reinstituted."

The Congressional history of this section provides that "a delinquent must be brought to trial within 30 days of arrest. The remedy for a failure to comply is a dismissal of the information with prejudice. *Exceptions are made for unavoidable or consensual delay, except that due to court calendar congestion.*" (3, U.S. Code Cong. and Admin.News, p. 5321 (1974)). (Emphasis added.)

This summary of the act is not an accurate nor complete list of the statute's "exceptions." It omits:

(1) Delay caused by the juvenile;

(2) Delay caused by his counsel; and

(3) Cases which in the interest of justice should not be dismissed.

The record before us shows the following dates of significance:

January 17, 1975—Juvenile taken in custody;

January 27, 1975—Information filed, No. 75–0130;

January 27, 1975—Attorney General's certificate filed;

January 27, 1975—Arraignment;

February 6, 1975—Omnibus Hearing set.

On this last date the matter was assigned to Judge Enright "for disposition" on February 10, 1975 (C.T. 6).

On February 10, 1975, counsel for each juvenile defendant had thought a disposition of the charges could be made, but no such disposition was "available at this time." The government stated "disposition is still possible, depending upon what happens to Case Number 12, which is a companion matter with three adults who were arrested at the same time as these two juveniles." (R.T. 4). The

---

[*] Honorable James A. von der Heydt, United States District Judge, District of Alaska, sitting by designation.

government requested a one week's continuance to permit it to confer "with the other three counsel, the co-defendants." The court then asked Mr. Osborne (counsel for appellant herein), if this was agreeable to him. Defendant's counsel did not answer the court's inquiry directly, but stated:

> "Your honor, I believe, under the new juvenile act, there is a right on the part of the juvenile to trial within 30 days of the return of the information. We would be loathe to waive that right." (R.T. 5).

Government's counsel then stated:

> "Let me inform counsel that in the event that it's disposed of sooner than that, that I think these two people, material witnesses in the other case— the government would file material witnesses complaints against them.
>
> "So it would seem to me to be wise to resolve the thing."

The court then suggested that a continuance be had from Monday, February 10th to Friday, February 14th, 1975. We note this was within the 30-day period. All parties agreed.[1]

The cause was called "for disposition" on February 14, 1975. The judge then asked counsel for the defendants:

> "THE COURT: What is your pleasure this morning, Miss Peters, Mr. Osborne?
>
> "MR. OSBORNE: Reluctantly, I am afraid we are going to have to ask the Court to set the matter for trial at the earliest possible date pursuant to Title 18, Section 5036.
>
> "We have also asked for a sealed presentence report to be commenced at the earliest possible time so that, in

the event that would be necessary there would be no further delays.

> "THE COURT: All right.
>
> "Do you join in that request, Miss Peters?
>
> "MRS. PETERS: I do, your Honor.
>
> "THE COURT: Would the government be ready—today is Friday, February 14; Monday next is a holiday; Tuesday is the normal court calendar; and the next available trial date is Wednesday, the 19th. I have other matters set that day that I will now set aside and continue.
>
> "I will set this matter for trial on Wednesday, February 19. Is that a convenient date?
>
> "MR. HENDRICKS: The government will be ready your Honor.
>
> "MR. OSBORNE: That is convenient, your Honor.
>
> "THE COURT: Is that convenient for you, Mrs. Peters?
>
> "MRS. PETERS: That is fine, your Honor.
>
> "THE COURT: All right. We will set the matter for trial on February 19 at 9:30." (R.T. 8–9).

Very obviously, the last possible date before the end of the 30 day period was February 18th. February 17th was Washington's birthday—and the date set, February 19th, was one day beyond the 30 day limit.

When asked if this date were a convenient date, counsel for appellant merely stated it was "convenient." This raises a serious question as to whether or not it was the duty of appellant's counsel to be candid with the court, and advise him that while the 19th was "convenient" to

---

1. The exact agreement reads as follows:
 "THE COURT: Well I would prefer to proceed in this fashion: Why don't we continue it, say, to Friday of the week at nine o'clock? By then, I would assume, *we will know whether the matter should be tried or whether or not the matter will be disposed of; and, then, I will give the quickest available trial date.*
 "Is that agreeable?
 "MR. SHAW: That is agreeable.

 "MRS. PETERS: That's agreeable, your Honor.
 MR. OSBORNE: That's agreeable, your Honor.
 "THE COURT: All right. We will continue this matter *for disposition* until Friday of this week, which would be February 14, at nine o'clock.
 "MR. OSBORNE: Thank you, your Honor." (Emphasis added.)

appellant's counsel, defendant would nevertheless insist upon moving to dismiss on that date if the trial were continued to it.

At this same hearing on February 14th, defense counsel then raised a new issue which likewise anticipated delay—a presentence report. The court attempted to comply with defendant's counsel's request for a "sealed presentence report," and after advice from the probation officer (that such report could not be prepared by February 19th), the trial judge postponed the trial to February 21st, 1975.

Mr. Osborne, for the appellant, then stated:

"Your Honor, having difficulty computing, particularly with the intervening holidays, as to whether or not the date now set for trial is within the thirty-day period, I would just like it to be a matter of record that neither defendant is waiving time or has waived time in this proceeding.

"THE COURT: All right. That observation may be noted as to both defendants." (R.T. 11).

The court then expressed himself further:

"I would indicate that the matter first arrived in this court on Monday of this week, which would be February 10th. The matter was continued until this date, February 14, at the request of the defendants for either trial setting and/or disposition, with dispositions being indicated to me as reasonable and likely.

"I have now set the matter on the first available court date, which is one court day—or one trial day away from today. I am eliminating motions that I previously set for that Wednesday, and if there were not a certification in this case, I would remand the defendants to the State custody so that they could prosecute the matter possibly more expeditiously; but I would observe that this matter now is going to be resolved by way of trial within five days after it reached this court to the disadvantage of all other pending matters of people in custody.

"So, I am giving these defendants the first available date under the new law; and, if I can't do it within thirty days, then I can't do it within thirty days of their apprehension, but I have bent every effort on my own to make sure that they have the first available trial date." (R.T. 11–12).

On February 19th, 1975, as court opened, counsel for the two juvenile defendants moved to dismiss on the ground the thirty-day period of 18 U.S.C. § 5036 had expired.

There is no question but that if the thirty-day period is to be enforced *without exception*, a dismissal was required, and we must reverse the trial court which refused to dismiss.

But a reading of the statute confirms the fact that there are exceptions to an absolute thirty-day rule. This was recognized by counsel for appellant when he asserted in argument before the trial court,[2] that it appeared to him that the government, "for its own reasons, to-wit, securing either the assistance of these two juveniles in its prosecution [of other adults], or guaranteeing their retention in custody until a trial can be convened as to the adults who were arrested in the vicinity of their [the juveniles'] arrest on the 17th day of January;"[3] was the cause of the delay.

The moving party below (appellant here) thus omits consideration as exceptions to § 5036 of (1) delay caused by the juvenile or his counsel, and (2) the interests of justice in this particular case.

The government's response to appellant's argument for a dismissal was to call the attention of the trial judge to the duty placed upon prosecutors by the majority opinion of this court in *United States v. Mendez-Rodriguez*, 450 F.2d 1

---

2. Argument was waived in this court.

3. R.T. 19.

(9th Cir. 1971), involving the illegal transportation of Mexican aliens in California. Prior to that case it had been the practice of the Federal government, in order to avoid expense, not to keep confined more than 3 or 4 of any group of aliens apprehended while being illegally transported within the Southern District of California, as material witnesses for trial of the person charged with such illegal transportation, but to interview the remaining aliens who had been apprehended, and then to return them to Mexico. The financial burden on the government was heavy because many such aliens would have been required to wait "five or six months or longer, . . . because of the congested court calendars." (*Id.* p. 3).

■ Government counsel also asserted to the court in his argument against dismissal that on February 10, 1975, "[i]t was mutually agreed by all parties that the matter be continued to the end of the week for purposes of disposition. *This was done with a time waiver by both defendants with full knowledge of the facts.*" (R.T. 21). Unfortunately, we cannot agree for the record before us does not support such a statement.

Counsel for defendants immediately denied there had ever been any waiver of time by either defendant.[4]

The trial judge then discusses his own problems with 18 U.S.C. § 5036, and the mandate he seeks to enforce. He makes a forceful argument that would indicate he relied on the exceptions to the general rule of § 5036 (*i. e.*, delay caused by the juvenile or his counsel; and delay in the interest of justice in this particular case) which he held permitted him, in his discretion, to refuse to dismiss. Unfortunately, the delays allegedly caused or consented to by the defendant and/or his

counsel are not clearly established factually on the record before us; nor can we say, on the record before us, that in considering delay in this case "in the interest of justice," the result was *not* "solely due to court calendar congestion;" which neither we nor the trial court can use to justify delay. (*See*: R.T. 22–26). The court concluded that the motion to dismiss "is totally inconsistent with the individual welfare of these two defendants." (*Id.* p. 26). The trial judge also ruled that the prosecution had proceeded in an expeditious manner; and that there was "no bad faith on the part of [government counsel]."

A jury was then waived, and the cause tried on Count Three, on a stipulation of facts. The defendants (including appellant), were found to be juvenile delinquents on the one count and were granted summary probation for three years. The remaining two counts were dismissed as to each.

While we could, perhaps, engage in a semantic argument that "solely" means exactly what the dictionary says it does; and that delays other than those relating solely to court calendar congestion were a partial cause of the delay beyond 30 days, we feel, regretfully, we are required to reverse the trial court.

That this may ultimately work against a proper and just determination of juvenile sentences is not the point before us. We can urge the Congress to reconsider the program it has seen fit to embark upon in a laudable aim to improve justice for juveniles, but we cannot amend and or overlook the specific provisions of 18 U.S.C. § 5036 on the record before us.

Reversed and remanded, with instruction to vacate the judgment, and to dismiss the action against the appellant with prejudice.

---

**4.** We are aware that the record before us, covering appellant's counsel's remarks states: "the government was totally willing [*sic*] to allow such a plea [a plea of guilty to one count of illegal entry] at that time [Feb. 6, 1975], before Magistrate Harris, and it was unwilling because it wished to guarantee the attendance of these witnesses at trial which it contemplated would be held at some time in the future." (R.T., p. 22). It seems obvious this was a stenographic error, the correct word being "unwilling" twice.