IN RE THERKLIDSEN.

(No. 77AP-549—Decided December 13, 1977.)

*Mr. George C. Smith*, prosecuting attorney, *Mr. Charles E. Kelsey, Mr. Douglas Maser*, and *Mr. Richard W. Siehl*, for appellee state of Ohio.

*Mr. James Kura, Mr. C. William Lutz, Ms. Barbara J. Slutsky,* and *Mr. Dennis Pusatery,* for appellant Troy T. Therklidsen.

WHITESIDE, J. Defendant appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding him to be a delinquent minor because of his commission of a robbery. In support of his appeal, defendant raises two assignments of error, as follows:

1. "The trial court abused its discretion by granting the April 13 continuance."

2. "The trial court erred in overruling appellant's motion to dismiss for failure to comply with the ten day limitation of Ohio Rule Juv. P. 29[A]."

Defendant raises no issue with respect to the finding that he committed the robbery in question and, thus, was a delinquent minor, but, instead, contends that he should be discharged because he was not tried within the time specified by Juv. R. 29(A). We shall consider the assignments of error in the inverse order, the second assignment of error relating to the basis upon which the trial court overruled defendant's motion to dismiss.

The trial court found that the adjudicatory hearing was timely held in accordance with Juv. R. 29(A) since the amended complaint was filed on April 12, 1977, and the trial was held on April 21, 1977, only nine days later. Juv. R. 29(A) provides, in part:

"* * * If the child who is the subject of the complaint is in detention or shelter care, the hearing shall be held not later than ten days after the filing of the complaint; upon a showing of good cause the adjudicatory hearing may be continued and detention or shelter care extended."

The report of the referee indicates hearings on April 11, 12, 13, and 21. There were two hearings on April 12 before different referees.

Defendant was arrested on April 8, 1977, the day that it is alleged the offense occurred. It appears that on April 11 defendant appeared "on a complaint of robbery." The

hearing was continued until 1:30 p. m. the next day. The first April 12 hearing indicates that the attorney for defendant moved to dismiss the charge since the affidavit did not state an offense. The prosecutor was granted leave by the referee to file an amended affidavit. The second April 12 hearing was apparently held after the filing of the amended complaint but before a different referee. At that time, defendant entered his plea. In both the April 11 and the second April 12 hearings, defendant was ordered detained by the referee who found that defendant might abscond from the jurisdiction. At the April 13 hearing, a third referee granted the state a continuance of the case until April 21, 1977.

Unfortunately, the original complaint, or affidavit, does not appear in the record hereof, only the amended complaint being included in the record, and the docketing of the case commencing on April 12, 1977, despite the fact that hearings were held at least as early as April 11, and they could not properly have been conducted in the absence of some filing being made.

Juv. R. 6 specifies the circumstances under which a child may be taken into custody. The only circumstance applicable herein is "pursuant to the law of arrest." Although the record does not affirmatively indicate, apparently the arrest was without a warrant, since there is no record of an order of the court that defendant be taken into custody, which necessarily would have been preceded by the filing of a complaint, and, accordingly, R. C. 2935.05 is applicable. That section requires the filing of an affidavit describing the offense for which the person was arrested, either with the court or with the prosecuting attorney. If filed with the attorney, he must forthwith file a complaint with the court based on the affidavit. Both R. C. 2935.03 and 2935.04 permit detention of a person arrested without a warrant only until a warrant can be obtained, which, pursuant to R .C. 2935.08, is to be issued forthwith upon the filing of the affidavit or complaint in accordance with R. C. 2935.05.

We shall not presume that the proper procedures were

not followed with respect to the arrest and detention of defendant. Rather, the record indicates that these procedures were followed, since it affirmatively appears that a complaint was in existence on April 11, 1977, which was amended the next day. Unfortunately, the original affidavit was not properly docketed in this case by the clerk and included among the original papers, for whatever reason. Under these circumstances, we must assume that the 10-day period prescribed by Juv. R. 29(A) commenced on April 8, 1977, and, in any event, such period had to commence prior to the filing of the amended complaint. Obviously, the authorities cannot delay the commencement of the time within which the rule requires a trial to be held by delaying the filing of the complaint.

Accordingly, we conclude that the defendant was not tried within the 10-day period prescribed by Juv. R. 29(A), unless the continuance properly extended that time, which we shall consider in connection with the first assignment of error.

However, even assuming the continuance to be ineffective, the release sought by defendant is not appropriate. Neither Juv. R. 29(A), nor any other rule or statute, requires the discharge of a juvenile defendant merely because he is not tried within the time prescribed by Juv. R. 29(A). With respect to adult offenders, R. C. 2945.73 (B) provides for the discharge of a defendant if he is not brought to trial within the time prescribed by R. C. 2945.-71, which would be 90 days with respect to an adult charged with the crime defendant was charged with and being held in jail pending trial.

Juv. R. 29(A) is not analogous to R. C. 2945.71 to 2945.73 but, rather, is analogous to R. C. 2938.03 and 2945.-02, which require criminal cases to be set for trial not later than 30 days after the entry of the plea of the defendant. Even as to R. C. 2937.21, providing that any continuance for more than 10 days without the consent of the defendant or his counsel constitutes grounds for discharge of the defendant, the Supreme Court held such a discharge not to be a bar to a subsequent prosecution for

the same offense. *City of Columbus* v. *Nappi* (1966), 5 Ohio St. 2d 99.

In the absence of a specific statutory provision for a discharge constituting a bar to further prosecution, a provision requiring a trial within a certain period of time does not entitle the defendant to discharge.

Additionally, Juv. R. 29(A) could not have such an effect in any event since it is a procedural rule, not a substantive rule of law. Section 5, Article IV, Ohio Constitution, pursuant to which Juv. R. 29(A) was promulgated, provides that:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * *"

The granting of a right to discharge which would constitute a bar to further prosecution for failure to bring the accused to trial within a certain period of time would confer a substantive right upon the accused, which a procedural rule such as Juv. R. 29(A) cannot accomplish.

Accordingly, there being no statutory provision requiring the discharge of defendant if he is not tried within 10 days after the filing of the complaint against him, there was no such right in defendant, and the trial court did not err in overruling his motion for dismissal of the charges against him. The second assignment of error is not well taken.

The first assignment of error raises the issue of whether the trial court abused its discretion by approving the action of the referee in granting a three-day continuance in the trial date from April 18 to April 21, 1977. Juv. R. 29(A) specifically provides for such a continuance "upon a showing of good cause." Defendant contends that Juv. R. 23 is applicable, which provides that: "Continuances shall be granted only when imperative to secure fair treatment for the parties." Defendant contends that the use of the word "imperative" connotes dire necessity or absolute necessity for the continuance. The word "imperative," connoting that which cannot be avoided, is essentially syn-

onymous with the word "necessary." With respect to R. C. 2938.03, the Supreme Court held in *East Cleveland* v. *Gilbert* (1970), 24 Ohio St. 2d 63, 65, that, where "the continuance granted does not prevent the defendant from having a fair trial, the trial court may, in its discretion, grant a continuance in behalf of the prosecution."

There is no indication that the three-day continuance granted in any way prevented defendant from having a fair trial. Furthermore, the state requested the additional time in order properly to prepare its case against defendant. The total period involved between the time that defendant entered his plea and the scheduled trial date was nine days after the continuance. The trial court did not abuse its discretion in granting such a limited continuance. The first assignment of error is not well taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

HOLMES and McCORMAC, JJ., concur.