**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Rayburn DAZEN, Defendant-Appellant.**

No. 79–1133.

United States Court of Appeals, Ninth Circuit.

Aug. 30, 1979.

As Amended Nov. 5, 1979.

Tom O'Toole, Federal Public Defender, Phoenix, Ariz., on brief; David M. Ochoca, Asst. State Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Michael D. Hawkins, U. S. Atty., Tucson, Ariz., on brief; Joseph H. Ciolino, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before HUFSTEDLER, TRASK, and SNEED, Circuit Judges.

PER CURIAM:

Dazen was tried and found guilty of an act of juvenile delinquency. He appeals from the judgment and commitment.

The sole issue on appeal is whether the district court erred in denying the motion of Dazen, a juvenile, to dismiss the information because he had not been brought to trial within the 30-day period prescribed by 18 U.S.C. § 5036. We uphold the district court because we are convinced that the district court did not abuse its discretion in interpreting the representations of Dazen's counsel as a waiver of the strict 30-day rule and because we believe that denial of the motion, under all of the circumstances of the case, was in the interests of justice.

On January 9, 1979, Dazen, a 16-year old Indian, was charged with manslaughter in the death of another Indian on an Indian reservation pursuant to 18 U.S.C. §§ 1112 and 1153. Dazen was arrested for homicide on January 8, 1979, and he was taken into federal custody on that date. On January 10, counsel was appointed for him, and he was brought before the United States magistrate where he was advised of the charges against him. The magistrate set bail and issued a temporary commitment order to the United States Marshal on January 10. Dazen could not make bail, and he remained in custody.

Dazen was charged by information, pursuant to 18 U.S.C. § 5032 of the Juvenile Delinquency Act, on February 1, 1979. On February 5, he was arraigned in the United States District Court and he entered a not guilty plea. On the arraignment date, the court inquired of Dazen's counsel whether February 27, 1979, would be an acceptable date. Defense counsel object to the date, informing the court that Dazen had been in custody since the date of his arrest and that the statute required that he be brought to trial within 30 days or be released. There followed a confusing colloquy between the court and defense counsel exploring a date for trial. Defense counsel mentioned that he would be in San Francisco on February 7 and 8; defense counsel also mentioned the name of another lawyer, but the thought was not completed. At the conclusion of

the discussion, the case was set for trial on February 9, 1979. February 7, 1979, was the thirtieth day following the date upon which Dazen was taken into custody following his arrest. On February 8, 1979, a motion to dismiss for failure to comply with the 30-day rule was filed for Dazen. On February 9, 1979, defense counsel pressed the motion to dismiss, and the district court denied the motion on the ground that the court interpreted defense counsel's statements to be a request for a continuance to February 9, thus extending the 30-day period accordingly.

We do not believe that the district court erred in interpreting the statements of defense counsel as a request to continue the matter to February 9, 1979. On appeal Dazen argues that waiver of the 30-day rule was ineffective in absence of consent of Dazen. Dazen misreads section 5036, which permits an extension of the period when the "additional delay was caused by the juvenile or his counsel, or consented to by the juvenile or his counsel . . . ." Finally, we do not believe that it is in the interests of justice in this case to dismiss the information against Dazen.

The certification required by 18 U.S.C. § 5036 was dated February 1, 1979, and the trial date was well within the 30-day period following the date upon which the certification was obtained. We need not decide whether the certification, with reasonable diligence, could earlier have been obtained, nor need we decide whether formal assumption of jurisdiction over Dazen by federal authorities occurred on the date of Dazen's arrest, or on some later date because we are convinced that the district court was not wrong in attributing the delay from February 7 to February 9 to defense counsel[1] and that, under all of the circumstances, the interests of justice would not be served by dismissal of the information. Accordingly, it is unnecessary for us to apply the criteria of *United States v. Andy*, 549 F.2d 1281 (9th Cir. 1977) to the facts of this case.

AFFIRMED.

---

1. Appellant's reliance upon *United States v. Gonzalez-Gonzalez*, 522 F.2d 1040 (9th Cir. 1975) is misplaced. In that case, unlike Daz-

en's, defense counsel made no representations to the court that could have been construed as a request for a continuance.