STATE IN THE INTEREST OF C. B., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 25, 1980—Decided April 9, 1980.

Before Judges CRANE, MILMED and KING.

*Robert A. Obler,* designated counsel, argued the cause for appellant (*Stanley C. Van Ness,* Public Defender of New Jersey, attorney).

*Mark Paul Cronin,* Deputy Attorney General, argued the cause for respondent (*John J. Degnan,* Attorney General of New Jersey, attorney; *Edwin H. Stern,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

KING, J. A. D.

This appeal raises a speedy adjudicatory hearing issue under *R.* 5:8–6(d) which provides in full:

*Detention or Shelter Care Hearing; Probable Cause Hearing.*

The detention or shelter care hearing shall be attended by the juvenile and an appropriate adult custodian responsible for him, but shall take place in the absence of such custodian if process fails to produce his attendance. If the juvenile is not represented by counsel at the hearing and if the court continues his detention or shelter care after the hearing, the court shall forthwith schedule a second detention or shelter care hearing to be held within 2 court days thereafter at which the juvenile shall be represented by counsel as provided by *R.* 5:3–3(a). *An order continuing the detention or shelter care shall provide for its periodic review at intervals not to exceed 14 days and shall schedule a hearing on the complaint within 30 days.* No order for detention or shelter care shall be entered either at the first or second detention or shelter care hearing except in accordance with the provisions of paragraph (e) of this rule. Where a juvenile has been charged with delinquency and has been placed in detention, there must be a probable cause determination which shall be made at the second detention hearing, where such a hearing is necessary, and which shall be made in all other cases within 2 court days. [Emphasis added]

On June 13, 1978 two delinquency complaints were filed against C.B. in the Mercer County Juvenile and Domestic Relations Court. Complaint J–2498–77 alleged that C.B. had broken and entered a liquor store and stolen $3,239.58 and $100 in state lottery tickets. Complaint J–2499–77 alleged that C.B. committed a $19 larceny from the person. C.B. was not taken into custody on these charges.

On June 21, 1978 C.B. was taken into custody for allegedly participating in an atrocious assault and battery on, and a robbery of, August Hillman on that date. Complaints pertaining to that incident were filed on June 26, 1978. Complaint J–2647–77 alleged a robbery of $35; Complaint J–2650–77 alleged an assault with a lug wrench. A first detention hearing was held pursuant to *R.* 5:8–2(d) on June 22, the day following arrest. Detention hearings were thereafter held on June 23, June 26, July 11 and July 26.

At the July 26 detention hearing counsel for the juvenile moved that he be released from custody because an adjudicatory hearing had not been held within the 30-day interval since his detention as allegedly required by *R.* 5:8–6. The interval between June 21, the date of detention, and July 26 was 35 days. The judge released C.B. pursuant to this request. An adjudicatory hearing date of August 16, 1978 had been scheduled by this time. Although the record is unclear, apparently the delay was attributable to the victim's injuries. At the July 26 detention hearing the prosecutor told the judge: "The crime that he's being charged with is an extremely serious crime. The victim is still under medical supervision. . . . What was used in the atrocious assault was a tire iron. A man's jaw was broken in two places . . . ." No application to dismiss the charges was made by defense counsel on July 26.

On August 16, the date scheduled for this adjudicatory hearing, counsel for C.B. moved to dismiss complaints J–2649–77 and J–2650–77, arising out of the June 21 assault and robbery of Mr. Hillman, because an adjudicatory hearing had not been commenced within the 30 days since arrest during which his client had been detained. The juvenile court judge refused to dismiss the charges. He concluded that C.B.'s July 26 release from custody, 35 days after initial detention, was a sufficient remedy for nonadherence to the 30–day provision of *R.* 5:8–6(d) which requires the court to "schedule a hearing on the complaint within 30 days" of the first counselled detention hearing, usually held three days after the juvenile is first taken into custody. The August 16 adjudicatory hearing was continued at the request of C.B.'s attorney in order to allow for time to make an ultimately unsuccessful motion for leave to take an interlocutory appeal to this court.

An adjudicatory hearing on the robbery and atrocious assault complaints was held on October 5, 1978. C.B.'s counsel again moved for a dismissal because he had been "incarcerated in the Youth House longer than 30 days." The motion to dismiss was

denied and C.B. was adjudicated delinquent on both complaints. Thereafter, C.B. pleaded guilty to the larceny complaint, J–2499–77, and the State agreed to dismiss the breaking and entering complaint, J–2498–77. On October 20, 1978 C.B. was sentenced to three concurrent indeterminate terms in the Youth Correctional Institution Complex on the three adjudications.

On this appeal C.B. contends that R. 5:8–6(d) mandates that an adjudicatory hearing for a detained juvenile must be commenced within 30 days of the date detention commences or the complaint must be dismissed. The State contends that R. 5:8–6(d) is not a "try or dismiss" mandate but is a directive that within 30 days charges against juvenile detainees be calendared for adjudicatory hearing. The State also contends that a juvenile detainee's right to a dismissal for lack of a speedy trial is governed by the generally applicable constitutional principles set forth in *Barker v. Wingo,* 407 *U.S.* 514, 92 *S.Ct.* 2182, 33 *L.Ed.*2d 101 (1972), and *State v. Szima,* 70 *N.J.* 196 (1976), *cert.* den. 429 *U.S.* 896, 97 *S.Ct.* 259, 50 *L.Ed.*2d 180 (1976).

We disagree with appellant C.B.'s contentions for several reasons. R. 5:8–6(d) does not expressly mandate a dismissal of charges or even a release of the detainee if the adjudicatory hearing is not commenced within 30 days from the onset of detention. Indeed, R. 5:8–6(d) does not require that a hearing be commenced within 30 days of the onset of incarceration. The rule requires the juvenile court judge only to "schedule a hearing on the complaint within 30 days" of the date of the first detention hearing at which the juvenile detainee is represented by counsel. The 30-day interval is a directory calendaring device to constantly remind juvenile court judges that detention cases must move expeditiously and with priority.

In contrast, the comparable federal law, contained in 18 *U.S.C.A.* § 5036, requires a dismissal of the charges if the juvenile detainee "is not brought to trial within thirty days from the date upon which such detention was begun" with only a few

very specific exceptions. *See United States v. Gonzales-Gonzales*, 522 *F.*2d 1040, 1044 (9 Cir. 1975); *United States v. Cuomo*, 525 *F.*2d 1285 (5 Cir. 1976). Our Supreme Court has decreed no such specific and severe sanction for noncompliance with the 30-day calendaring requirement of *R.* 5:8–6(d).

Several other jurisdictions agree with the conclusion we reach. In *In re Armour*, 59 *Ill.*2d 102, 319 *N.E.*2d 496 (Sup.Ct.1974), the juvenile argued that noncompliance with an Illinois statute providing that a delinquency petition "shall be set for an adjudicatory hearing within 30 days" of filing if the juvenile is detained did not require a dismissal for noncompliance. In finding that the statute was directory as to when the hearing should be set and not mandatory on pain of dismissal as to when it must be held the Supreme Court of Illinois stated:

> Illinois was the first State to adopt (1899) a juvenile court statute. The first purpose of such a statute is not to punish but to correct. (Ill.Rev.Stat.1971, ch. 37, par. 701–2). Society is interested for its own sake as well as for the minor's individual welfare in guiding and rehabilitating. These interests cannot always be served by a mechanical adherence to rote or formula. Study, care and patience may be called for to meet an individual minor's need. We do not consider that the legislature intended that should an adjudicatory hearing not be held precisely within 30 days that the minor should be discharged or be abandoned, as it were, and that society's effort to correct, to rehabilitate and to guide should come to a halt. This would be the result should the argument of the minor here be accepted. [319 *N.E.*2d at 498]

In *In re Therklidsen*, 54 *Ohio App.*2d 195, 376 *N.E.*2d 970 (Ct.App.1977), the Ohio intermediate appellate court held that a rule requiring that an adjudicatory "hearing shall be held not later than ten days after the filing of the complaint" did not compel dismissal for noncompliance. The court stated: "In the absence of a specific statutory provision for a discharge constituting a bar to further prosecution, a [rule] provision requiring a trial within a certain period of time does not entitle the defendant to discharge." *Id.*, 376 *N.E.*2d at 972. *Accord, In re Cindy*

*E.,* 83 *Cal.App.*2d 393, 402–405, 147 *Cal.Rptr.* 812, 813 (Ct.App. 1978), where a five-day violation of statutory time interval for a dispositional hearing did not compel dismissal of charges against the juvenile.

Neither our Supreme Court by rule nor our Legislature by statute has ever explicitly adopted a "try or dismiss" or "try or release" policy. *See State v. Szima, supra,* 70 *N.J.* at 202. We will not conclude that the Supreme Court has done so implicitly by adopting *R.* 5:8–6(d) in its present form. Indeed, a recent minority recommendation for such "try or dismiss" or "try or release" rule amendment, contained in the Report of the Supreme Court's Committee on Juvenile and Domestic Relations Court, 101 *N.J.L.J.* 433, 445 (1978), produced no fruitful response from the Supreme Court in the form of a rule amendment.

We are convinced that in the absence of a specific rule or statute to the contrary, a juvenile's right to a speedy trial or, in the alternative, to a dismissal of the charges, is governed by a weighing of the four factors prescribed in *Barker v. Wingo, supra,* and *State v. Szima, supra* : the length of the delay, the reason for the delay, the prejudice to the juvenile and the assertion of the right. *See State in the Interest of H.M.T.,* 159 *N.J.Super.* 104, 110–111 (App.Div.1978). See also *R.* 3:1–1; *R.* 3:25–3. In this case the juvenile was detained for 35 days after arrest and then released. He was brought to trial about 3½ months after arrest. The first scheduled adjudicatory hearing on August 16 was postponed at the request of the juvenile's own counsel. No prejudice to the juvenile has been asserted or shown. The victim Hillman's jaw was wired shut for almost seven weeks so that the fracture caused by the atrocious assault of June 21 could set. This alone was a tolerable reason for the delay.

We find no violation of C.B.'s constitutional right to a speedy adjudicatory hearing and no right to a dismissal under *R.* 5:8–6(d) from the facts of this case.

Affirmed.