OPINION
Defendant-appellant Beau L. Roberts appeals from the June 17, 1999, Judgment Entry of the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 20, 1998, a complaint was filed pursuant to R.C. 2151.27 in the Ashland County Court of Common Pleas, Juvenile Division (Case No. 98200223) alleging appellant to be a delinquent child by means of committing a felonious assault in violation of R.C.2903.11(A)(1) and 2151.02(A), a felony of the second degree if committed by an adult. On the same date, appellee filed a Motion to Relinquish Jurisdiction under R.C. 2151.26(C) and Juv. R. 30 seeking to transfer Case No. 98200223 to the Ashland County Court of Common Pleas, General Division for criminal prosecution of appellant as an adult. Thereafter, a hearing was held on July 31, 1998. Following the hearing, the court, pursuant to an Opinion filed on August 7, 1998, found that there was "probable cause to believe that the juvenile committed the act charged, that is, Felonious Assault, in violation of Section 2903.11(A)(1) of the Ohio Revised Code" and that the act charged would be, if committed by an adult, a felony of the second degree. A Motion for Release pursuant to Juv. R. 7(G) was filed by appellant on August 14, 1998. Appellant specifically moved the court to release him from detention and shelter care, a detention order having been made by the court on July 20, 1998, since "no Complaint has been filed by the State as required by R.C. 2151.314(A), there is no basis for the detention under the `law of the arrest,' and the Child's father is willing to take him into his custody." In his motion, appellant also requested that a detention hearing be held "within seventy-two (72) hours and/or on the next Court day following the filing of this motion." A hearing on appellant's Motion for Release from detention was held on August 19, 1998, five days after the motion was filed. Pursuant to a Judgment Entry filed one week after the hearing, the court ordered that appellant be released from the Ashland County Juvenile Detention as of August 19, 1998, and into the custody, care and supervision of his father. Thereafter, on November 30, 1998, a hearing was held on appellant's Motion to Relinquish Jurisdiction to the Ashland County Court of Common Pleas, General Division, for criminal prosecution of appellant as an adult. The trial court, as evidenced by a Judgment Entry filed on January 20, 1999, found that there were reasonable grounds to believe that appellant was not amenable to "care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision and rehabilitation of delinquent children." For such reason, the court relinquished jurisdiction pursuant to R.C. 2151.26 and ordered that appellant's case be transferred to the General Division of the Ashland County Court of Common Pleas for further proceedings. On January 29, 1999, the Ashland County Grand Jury indicted appellant for breaking and entering in violation of R.C.2911.13(A), a felony of the fifth degree, felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, trafficking in marijuana in violation of R.C. 2925.03(A), a felony of the fifth degree, intimidation of a witness in violation of R.C. 2921.04(B), a felony of the third degree and assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree. At his initial appearance on January 28, 1999, appellant entered a plea of not guilty to the charges contained in the indictment. Appellant also entered a not guilty plea at his arraignment on February 4, 1999. On May 3, 1999, appellant withdrew his former not guilty plea and pled guilty to felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and intimidation of a witness in violation of R.C. 2921.04(B), a felony of the third degree. The remaining counts in the indictment were dismissed at appellee's request. Thereafter, on June 7, 1999, appellant was sentenced to prison for five years for the offense of felonious assault and to prison for three years for the offense of intimidation of a witness. The two sentences were to be served concurrently. A Judgment Entry memorializing appellant's sentence was filed on June 17, 1999. It is from the trial court's June 17, 1999, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE ASHLAND COUNTY COMMON PLEAS COURT, JUVENILE DIVISION ERRED BY FAILING TO HOLD THE HEARING ON THE MOTION FOR RELEASE FROM DETENTION WITHIN SEVENTY-TWO HOURS AS REQUIRED BY JUVENILE RULE 7(G) AND OHIO REVISED CODE SECTION 2151.314.
ASSIGNMENT OF ERROR II
 THE ASHLAND COUNTY COMMON PLEAS COURT, GENERAL DIVISION, DID NOT HAVE JURISDICTION OVER THE DEFENDANT-APPELLANT BECAUSE THE ASHLAND COUNT COMMON PLEAS COURT, JUVENILE DIVISION FAILED TO COMPLY WITH THE REQUIREMENTS OF JUVENILE RULE 7(G) AND OHIO REVISED CODE SECTION 2151.314.
 I, II
Appellant, in his two assignments or error, contends that the Ashland County Court of Common Pleas, Juvenile Division, erred by failing to hold the hearing on appellant's Motion for Release from detention within seventy-two hours as required by Juv. R. 7(G) and R.C. 2151.314. Appellant argues that the Ashland County Court of Common Pleas, Juvenile Division, therefore, lost jurisdiction to make orders, including an order to transfer the juvenile to the General Division of the court for further proceedings. Appellant further argues that, for such reason, the Ashland County Common Pleas Court, General Division, did not have jurisdiction over appellant. As is stated above, appellant filed a Motion for Release from detention pursuant to Juv. R. 7(G) on August 14, 1998, specifically requesting that a detention hearing be held within seventy-two hours and/or on the next Court day following the filing of the motion. The hearing on appellant's motion, however, was not held until August 19, 1998, five days after the motion was filed. Juv. R. 7(G) provides that upon the filing of a motion for release from detention after a child has been placed in shelter care or detention care, "the court shall hold a hearing within seventy-two hours." In turn, R.C. 2151.314(C) provides that, upon filing the motion for release, the court shall hold a hearing in the same manner as set out in 2151.314(A). R.C.2151.314(A) provides, in part, that an informal detention or shelter care hearing shall be held promptly, "not later than seventy-two hours after the child is placed in detention or shelter care, to determine whether detention or shelter care is required." At the August 19, 1998, hearing in the case sub judice, appellant's counsel specifically argued as follows: "In this case, Your Honor, I would like the Court to take note that this Hearing is . . . being held on Wednesday more than 72 hours and more than the next Court date after the Motion [for Release] was filed on Friday, August 14th. Pursuant to case cite State v. Newton, time limits are mandatory so the child in detention who is not provided timely Detention Hearing is entitled to have the Complaint dismissed. In this case, Your Honor, we would submit that since it was, the Hearing has not been timely made in this case, Beau [appellant] should be released from detention. We're not going to ask that the case be dismissed, but he should be, at least be released from detention pursuant to State v. Newton."
Transcript of August 19, 1998, hearing at 13-14. Thereafter, the trial court ordered that appellant be released from the Ashland County Juvenile Detention facility as of August 19, 1998, and released into the custody, care and supervision of his father. The juvenile court has exclusive original jurisdiction concerning any child who on or about the date specified in the complaint is alleged, such as appellant, to be delinquent. R.C. 2151.23(A)(1). There is a dearth of case law interpreting the seventy-two hour time limitation contained in Juv. R. 7(G) and R.C. 2151.314 for detention hearings. However, cases interpreting Juv.R. 29(A) have held that the ten day period of limitations contained in such rule for adjudicatory hearings is procedural only and that such rule confers no substantive right upon an accused to have his case dismissed if he is not tried within the specified time. See In re Therklidsen (1977), 54 Ohio App.2d 195. The court, in Therklidsen, stated as follows: " The granting of a right to discharge which would constitute a bar to further prosecution for failure to bring the accused to trial within a certain period of time would confer a substantive right upon the accused, which a procedural rule such as Juv.R. 29(A) cannot accomplish. Accordingly, there being no statutory provision requiring the discharge of defendant if he is not tried within 10 days after the filing of the complaint against him, there was no such right in defendant and the trial court did not err in overruling his motion for dismissal of the charges against him." Id. at 199. Moreover, in Linger v. Weiss, the Ohio Supreme Court held, in part, that the Juvenile Court does not lose jurisdiction by failing to adhere to the time limitations set forth in Juv. R. 29(A). Linger v. Weiss (1979), 57 Ohio St.2d 97, paragraph one of the syllabus. Likewise, in the case sub judice, there is no statutory authority requiring that the complaint against appellant be dismissed since the detention hearing was not held within seventy-two hours after the Motion for Release was filed. Rather, the seventy-two hour period of limitation contained in Juv.R. 7(G) and R.C. 2151.314 is, pursuant to Therklidsen, supra., procedural only and is not mandatory. In addition, since, pursuant to the holding in Linger, supra., the time limitations contained in Juv. R. 7(G) and Revised Code 2151.314 are not jurisdictional, we find that appellant waived any claimed error as to the timeliness of his detention hearing by pleading guilty. See State v. Riggins (1980), 68 Ohio App.2d 1. Since, for the foregoing reasons, the time limitations established by Juv.R. 7(G) and R.C. 2151.314 for a detention hearing are not mandatory, the Ashland County Court of Common Pleas, Juvenile Division was correct in not dismissing the complaint against appellant for failure to comply with the same. The Ashland County Court of Common Pleas, General Division, therefore, had jurisdiction over appellant once the Motion to Relinquish Jurisdiction was granted by the Juvenile Court. Both of appellant's assignments of error are, therefore, overruled.
The judgment of the Ashland County Court of Common Pleas is affirmed.
 ______________________ Edwards, J.
By Gwin, P.J. and Milligan, V.J. concurs.