**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOHN DOE, (A Juvenile),

      Defendant - Appellant.

No. 13-2130
(D.C. No. 1:13-CR-01502-JB-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Defendant-Appellant, a juvenile, appeals from the district court's finding of delinquency and sentence of 67 days or time served followed by three years' supervised release. The underlying conduct involved possession with intent to distribute one kilogram or more of heroin. 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Defendant argues that the district court should have granted his motion to dismiss because he was not tried within thirty days of his initial detention. 18 U.S.C. § 5036. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

On May 5, 2013, Defendant (age 17) was a passenger on Amtrak Train 4 traveling from Los Angeles. When the train arrived in Albuquerque, federal Drug Enforcement Agents ("DEA") boarded the train and began interacting with passengers. Defendant consented to a search of his bag, and one of the agents discovered a package wrapped in black electrical tape underneath a liner. Defendant was arrested and taken to the DEA office in Albuquerque. The package contained 2,987 grams of heroin. 1 R. 2, 87.

On May 15, 2013, the district court scheduled a bench trial for May 28, 2013. Pursuant to 18 U.S.C. § 5036,[1] the thirty-day period within which Defendant had to be tried would expire on June 4. 1 R. 102. On May 16, Defendant's counsel contacted the court. He spoke with the judge's courtroom deputy and informed her that he would be requesting an unopposed motion to

---

[1] 18 U.S.C. § 5036 provides:

> If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed on motion of the alleged delinquent or at the direction of the court, unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel, or would be in the interest of justice in the particular case. Delays attributable solely to court calendar congestion may not be considered in the interest of justice. Except in extraordinary circumstances, an information dismissed under this section may not be reinstituted.

18 U.S.C. § 5036.

continue the trial because he would be out of town from May 24–29. 1 R. 96.

The courtroom deputy informed counsel that the judge would be away from May

24–June 12. 1 R. 96-97.

On May 17, counsel filed a motion to continue, which stated in pertinent

part:

> COMES NOW the above named Defendant, by and through counsel
> of record James C. Loonam, Assistant Federal Public Defender, and
> with the agreement of the Government, moves the Court for an order
> continuing the trial setting of May 28, 2013, and as grounds states:
> 1. On [May] 5, 2013, [Defendant] was taken into custody on the
> charges in the complaint in this case. The sealed complaint was filed
> in this matter on May 7, 2013.
> 2. Trial is currently set for May 28, 2013.
> 3. Defense Counsel will be out of town on family travel on May 28,
> 2013.
> 4. A brief continuance of 48 hours is requested at this time due to
> Defense Counsel's unavailability on the current trial date. Such a
> continuance does not infringe upon the rights afforded [Defendant]
> pursuant to 18 U.S.C. §5036.
> 5. Attorney for the Government . . . does not oppose the relief
> requested by this Motion.
> WHEREFORE, *Defendant respectfully requests that the Court grant
> a continuance of the trial setting of May 28, 2013, for a period of at
> least two days or to the Court's convenience*.

1 R. 12-13 (emphasis added).

Counsel also included a form order for the court, which the court completed

as follows:

> 1. The trial of May 28, 2013, is vacated.
> 2. The trial is rescheduled for <u>June 13</u>, 2013, at <u>9:00</u> a.m. (trailing docket).
>
> 3. The time from May 28, 2013, until _____, 2013, shall be
> excluded for purposes of the speedy trial act pursuant to 18 U.S.C.

- 3 -

§ 3161(h)(7)(A).

1. R. 14-15, 98.  The district court added a handwritten justification for the continuance, explaining in part that "[t]his continuance is sufficient without being greater than necessary for the Defendant to complete the tasks set forth in the motion and the Court to return from its Committee meeting on the Administration of the Bankruptcy System."  1 R. 15.  The order was filed on May 20, 2013.  1 R. 14.

Ten days later, on May 30, 2013, counsel reminded the courtroom deputy that he had requested only a two-day continuance.  1 R. 101.  She informed counsel that the judge was out of the district until June 13.  1 R. 101.  On June 4, 2013, a day after Defendant's thirtieth day in custody, Defendant filed a motion to dismiss the criminal information based on a violation of his speedy trial right. 1 R. 16-20, 103.  He maintained that his motion to continue permitted only a two-day continuance and that the court's extending the date to June 13 failed to meet any of the statutory exceptions for delay.  1 R. 17-19.

On June 10, the district court contacted the government to see if it was prepared for trial that day; it was not, as it had scheduled witnesses for June 13. 1 R. 106.  Accordingly, the district court held a hearing on the motion to dismiss before trial.  It denied the motion, finding that Defendant caused the delay, Defendant consented to the delay, and the delay was in the interest of justice. 1 R. 99-100.

Discussion

Section 5036 requires a juvenile in detention to be brought to trial within thirty days "unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel, or would be in the interest of justice in the particular case." 18 U.S.C. § 5036. The remedy for failing to comply with the thirty-day limit is dismissal of the information with prejudice. Id.

We review de novo the legal question of whether a juvenile's detention exceeds the thirty-day limit set forth in 18 U.S.C. § 5036. United States v. David A., 436 F.3d 1201, 1206 (10th Cir. 2006). We review any underlying factual findings for clear error. Id. at 1206-07. We review the court's determination that the delay was in the interest of justice for abuse of discretion. United States v. Doe, 49 F.3d 859, 865-66 (2d Cir. 1995).

Defendant argues that the district court erred in denying his motion to dismiss because he neither caused nor consented to the delay and it was not in the interest of justice. Aplt. Br. 23-33. For the following reasons, we disagree.

A.    Cause of the Delay

The district court found that Defendant caused his trial's untimeliness because he requested a continuance for two days or "to the Court's convenience." 1 R. 130, 132. The district court noted that Defendant's counsel knew the judge was unavailable from May 24 to June 12 at the time he requested the continuance.

1 R. 132.  Thus, the district court determined that it reasonably interpreted Defendant's motion as permitting trial beyond the thirty-day limit.  1 R. 132.

Defendant offers seven arguments as to why the district court erred: (1) "to the Court's convenience" did not mean that the judge could take an out-of-town trip; (2) Defendant's motion only necessitated delaying the trial on May 28 or 29; (3) the motion requested only a "brief continuance of 48 hours;" (4) Defendant filed other motions using similar language "without meaning to refer to any unmentioned knowledge of the judge's schedule;" (5) the motion noted that only a 48-hour delay would not impinge upon Defendant's speedy trial right; (6) "to the Court's convenience" should have been read as permitting only those remaining days within the thirty-day period, such as May 31 or June 3; and (7) court congestion is an insufficient justification for delay, as recognized by United States v. Johnson, 120 F.3d 1107, 1111 (10th Cir. 1997), and United States v. Andrews, 790 F.2d 803, 808 (10th Cir. 1986).  Aplt. Br. 23-26.

Despite Defendant's arguments, the district court did not commit clear error in finding that Defendant caused the delay.  Defendant requested a continuance and included language permitting the district court to reschedule trial at its convenience, knowing that the earliest available date would be after June 12—a date outside of the thirty-day period.  See United States v. Baker, 10 F.3d 1374, 1397 (9th Cir. 1993) (attributing delay to a defendant who moved for an extension of time to file pre-trial motions) overruled on other grounds by United States v.

Nordby, 225 F.3d 1053, 1059 (9th Cir. 2000); United States v. Dazen, 607 F.2d 816, 817 (9th Cir. 1979) (per curiam) (upholding the district court's interpretation of a confusing colloquy with defendant as a request for a continuance, thus making the delay attributable to the defendant).

Nothing in the motion or its accompanying form order limited Defendant's request to a specific time frame. The order was filed on May 20, well in advance of the rescheduled June 13 trial date. Not until May 30 (after the judge had departed) did Defendant notify the court that he had requested only a two-day continuance. The district court viewed this as a trap for the unwary. 1 R. 113.

Defendant relies heavily on United States v. Gonzalez-Gonzalez, 522 F.2d 1040, 1042 (9th Cir. 1975), to support his arguments, Aplt. Br. 27; however, Defendant's reliance on Gonzalez-Gonzalez is misplaced. In that case, the district court rescheduled the trial (at the government's request) beyond the thirty-day period in order to facilitate a joint prosecution of several other arrestees. Gonzalez-Gonzalez, 522 F.2d at 1041-42. Congestion in the court's calendar caused further delay. Id. at 1043-44. During the rescheduling process, the defendant clearly asserted that he was not waiving his right to a speedy trial. Id. at 1043. When the court asked if its next available date would be "convenient," the defendant affirmed that it would be, "rais[ing] a serious question as to whether or not it was the duty of appellant's counsel to be candid with the court." Id. at 1042-43. Nonetheless, the Gonzalez-Gonzalez court ultimately concluded

that the defendant had not consented to the delay.  Id. at 1044.

The circumstances are different here.  Defendant both requested the continuance and failed to assert his right to a timely trial when the trial was rescheduled.[2]  He can hardly complain that his request for a continuance was granted.

B.     Consent

Relying on United States v. Doe, 49 F.3d 859 (2d Cir. 1995), the district court determined that Defendant consented to the delay because he never alerted the court that the June 13 trial date violated his speedy trial rights.  1 R. 133-135.  The district court rejected Defendant's contention that his reference to § 5036 in the motion to continue—"Such a continuance does not infringe upon the rights afforded [Defendant] pursuant to 18 U.S.C. § 5036"—sufficiently alerted the court that only a 48-hour continuance was acceptable.  1 R. 135.

Defendant argues that the district court erred because (1) nothing in the record establishes that both he and counsel consented to the motion to continue, contrary to the plain language of § 5036 (which requires consent both "by the juvenile *and* his counsel") (emphasis added); (2) the district court misread his motion; (3) the form order does not provide consent; and (4) failing to object does

---

[2]  The government also argues that the filing of any pretrial motions tolled the thirty-day speedy trial period.  Aplee. Br. 19 (citing 18 U.S.C. § 3161(h)(1)(D)).  Because the exceptions to § 5036 apply, we need not reach the issue of tolling.

not constitute consent because it was the government's burden to bring him to trial in timely manner. Aplt. Br. 29-33. In support, Defendant relies primarily on Gonzalez-Gonzalez, 522 F. 2d at 1042-43, noting that the defendant in that case did not consent to the delay merely by agreeing with the court that a date was "convenient." Aplt. Br. 33.

We have already distinguished Gonzalez-Gonzalez. We see no error in the district court's finding that under the circumstances, Defendant's silence equated to consent. See Doe, 49 F.3d at 864, 865-66. Nothing in the record supports Defendant's assertion that he did not consent to counsel's filing a motion to continue. See id. (affirming the district court's finding of consent based on the failure to alert the court to pertinent facts).

C.    Interest of Justice

The district court determined that the totality of the circumstances justified a delay in the interest of justice, given that (1) Defendant did not object to the rescheduling; (2) Defendant's counsel in effect conceded that the delay was tactical; (3) Defendant requested the continuance "at the Court's convenience" knowing that the court's schedule limited rescheduling until after the thirty-day deadline; (4) the court would have returned earlier had Defendant articulated that he did not consent; and (5) even if the miscommunication was in good faith, the interest of justice should allow the case to proceed. 1 R. 140-143.

Defendant argues that the district court erred by (1) unreasonably

interpreting its motion for continuance as permitting the delay, (2) failing to recognize that it was the government's burden to timely bring him to trial regardless if silence was a tactical delay, (3) concluding that Defendant concealed information from the court when Defendant asserted his speedy trial rights in the motion, (4) applying a post-hoc justification for the delay, and (5) rescheduling due to the judge's out-of-town trips in violation of the prohibition of delay due to court congestion. Aplt. Br. 33-36.

The district court did not abuse its discretion in making its interest-of-justice determination. Interest-of-justice exceptions are granted liberally. David A., 436 F.3d at 1207. Here, the district court provided numerous reasons why justice was served by briefly delaying trial beyond the thirty-day limit in order to accommodate Defendant's schedule, regardless of whether Defendant sought a tactical delay or simply failed to communicate clearly. See Dazen, 607 F.2d at 817 (justice was served by allowing a two-day delay based on the district court's interpretation that defendant had requested the continuance).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge