CITY OF EAST CLEVELAND, APPELLANT, *v.* GILBERT, APPELLEE.

[Cite as East Cleveland v. Gilbert (1970),
24 Ohio St. 2d 63.]

(No. 69-741—Decided October 21, 1970.)

64

*Mr. Henry B. Fischer,* for appellant.
*Messrs. Sieman, Sieman & Sieman* and *Mr. Harold Sieman,* for appellee.

HOFSTETTER, J. The primary question raised by the appellant is the applicability, if any, of R. C. 2937.21 to the granting of continuances in the trial of a misdemeanor in a Municipal Court, a court of record, after a plea of not guilty has been entered and the case has been set for hearing, and whether, under such circumstances, the municipality or state is limited to a flat ten-day continuance.

Clearly, R. C. 2937.21 is not applicable to the case at bar. R. C. 2937.08 provides that R. C. Chapter 2938 is applicable where, on arraignment under R. C. Chapter 2937, the accused pleads not guilty to the commission of a misdemeanor. The pertinent part of R. C. 2937.08 is as follows:

"Upon a plea of not guilty or a plea of once in jeopardy, if the charge be a misdemeanor in a court of record, the court shall proceed to set the matter for trial at a future time, pursuant to Chapter 2938."

The applicability of R. C. Chapter 2938 in this situation is then emphasized in R. C. 2938.02, the significant parts of which read:

"The provisions of Chapter 2938 of the Revised Code shall apply to trial on the merits of any misdemeanor * * * which may be instituted in and retained for trial on the merits in any court or before any magistrate inferior to the Court of Common Pleas * * *."

R. C. 2938.03 requires the setting of cases for trial at a date not later than 30 days after the plea of not guilty is received and also authorizes the granting of continuances for good cause shown. Where, as in this case, a statute specifically authorizes a continuance for good cause shown, and the continuance granted does not prevent the defendant from having a fair trial, the trial court may in its discretion grant a continuance in behalf of the prosecution.

The Court of Appeals, in its journal entry, said:

"[The] trial court prejudicially erred to detriment of substantial rights of defendant by failing to follow Section 2937.21, R. C., in granting a continuance of more than ten days without the consent of the defendant. The trial having commenced and jeopardy attached, judgment is reversed and defendant is discharged. Exceptions."

Since we have determined that R. C. 2937.21 is not applicable, and that R. C. Chapter 2938, generally, and R. C. 2938.03, specifically, are controlling, the judgment of the Court of Appeals is reversed and the judgment of conviction entered by the Municipal Court is affirmed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, DUNCAN and LEACH,* JJ., concur.

SCHNEIDER, J., concurs in the first paragraph of the syllabus and in the judgment.

STERN, J., not participating.

HOFSTETTER, J., of the Eleventh Appellate District, sitting for CORRIGAN, J.

---

*LEACH, J., participated in the hearing of this case sitting for MATTHIAS, J.