**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 456.]**

THE STATE OF OHIO, APPELLEE, *v*. WILLIAMS, APPELLANT.

[Cite as *State v. Williams*, 1996-Ohio-27.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to raise a genuine issue as required by App.R. 26(B)(5).*

(No. 95-1695—Submitted August 14, 1995—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Summit County, No. 16943.

_____

{¶ 1} Appellant, Leroy Williams, was convicted of aggravated murder. The court of appeals affirmed the conviction. *State v. Williams* (Apr. 12, 1995), Summit App. No. 16943, unreported.

{¶ 2} Subsequently, appellant filed an application to reopen his appeal pursuant to App.R. 26(B), arguing ineffective assistance of appellate counsel. The court of appeals denied the application, holding that appellant failed to raise a genuine issue as required by App.R. 26(B)(5). This appeal followed.

_____

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *William D. Wellemeyer*, Assistant Prosecuting Attorney, for appellee.

*Leroy Williams, pro se.*

_____

***Per Curiam.***

{¶ 3} Appellant first argued to the court of appeals that he received ineffective assistance of appellate counsel because appellate counsel failed to raise the issue of trial counsel's ineffectiveness. Appellant asserted that trial counsel was ineffective for allowing the results of ballistics tests to be introduced into evidence

without calling the expert who performed the tests. The court of appeals held that appellant failed to show any prejudice because he had failed to demonstrate that, but for the alleged error, the outcome of his trial would have been different. We concur. See *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.

{¶ 4} Appellant also argued that "trial counsel was ineffective for failing to offer the jury an explanation of the low levels of antimony and barium on the confessed shooter and failing to offer an alternative explanation of how appellant's hands could have been contaminated [with these chemicals]." However, the court of appeals held that the record showed that trial counsel did address that issue, and that, in any case, appellant failed to show prejudice. We concur.

{¶ 5} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————