OPINION
{¶ 1} Defendant-Appellant Bryan L. Snyder pleaded no contest to one count of DUI in violation of R.C. § 4511.19(A), a first degree misdemeanor, and one count of driving with a loud exhaust in violation of R.C. § 4513.22. Appellant challenges his conviction based on evidence contained in a videotape of the traffic stop, but the videotape does not reveal any reversible error. Appellant's other arguments concerning speedy trial and the admissibility of field sobriety tests are likewise without merit. For the following reasons, the conviction and sentence are hereby affirmed.
 {¶ 2} Appellant was stopped on July 17, 2002, while riding his motorcycle on State Rt. 149 in Belmont County. The traffic stop was recorded on videotape by a camera mounted inside the police cruiser. The reason Trooper Edward Pfouts gave for making the traffic stop was that the motorcycle muffler system was too loud. During the stop, Trooper Pfouts noticed a strong odor of alcohol coming from Appellant, and the trooper administered two field sobriety tests. Appellant's subsequent breathalyzer test produced a result of .194. Appellant was cited for DUI and for the loud muffler, and the case proceeded in Belmont County Court, Western Division.
 {¶ 3} On October 1, 2002, Appellant filed a motion to suppress the field sobriety tests. A hearing was held the same day. The motion was denied on January 2, 2003. On February 13, 2003, Appellant filed a motion to dismiss based on a violation of his speedy trial rights. This motion was denied on February 19, 2003. On March 4, 2003, Appellant pleaded no contest to both charges. He was sentenced to 20 days in jail, 14 days suspended, and a $500 fine. Appellant filed this appeal on March 7, 2003.
 ASSIGNMENT OF ERROR NO. 1 {¶ 4} "The county court erred in overruling appellant's motion to dismiss based upon the arresting officer's lack of reasonable suspicion to stop appellant's motor vehicle."
 {¶ 5} Appellant contends that there was no probable cause to stop his motorcycle. The applicable law is not in dispute here. In order to make an investigative traffic stop, an officer must have a reasonable suspicion, based on specific and articulable facts, that the motorist was engaged in criminal activity or that the vehicle was in violation of the law. Dayton v. Erikson (1996), 76 Ohio St.3d 3, 12, 665 N.E.2d 1091;Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The alleged criminal activity in this case was that Appellant's muffler was too loud, in violation of R.C. § 4513.22. Trooper Pfouts testified that he thought the exhaust system of Appellant's motorcycle was excessively loud because he could hear it with the windows up in his own patrol car and with the air conditioning running. (Tr., p. 11.) A police officer's observation of a traffic law violation will normally constitute reasonable cause to initiate a traffic stop. See State v. Hodge,147 Ohio App.3d 550, 2002-Ohio-3053, 771 N.E.2d 331.
 {¶ 6} Appellant contends that the trooper's testimony is contradicted by the videotape of the traffic stop. It must first be noted that the audio portion of the videotape is not available because the audio system in the police cruiser was broken at the time of the traffic stop. (Tr., p. 15.) Appellant is correct that the videotape does not reveal any loud exhaust noise, but that is to be expected if the audio recording equipment was broken. A few intermittent sounds can be heard on the videotape, but it is obvious that something was wrong when the audio portion of the tape was recorded.
 {¶ 7} Appellant also contends that he could not have been stopped for excessive exhaust noise because his motorcycle had recently passed a vehicle inspection. No one actually submitted any evidence of a vehicle inspection at the October 1, 2002, suppression hearing. Appellant's counsel did speculate during cross-examination of Trooper Pfouts that Appellant might testify about a recent vehicle inspection. (Tr., p. 11). An attorney's arguments, though, are not evidence. State v. Palmer
(1997), 80 Ohio St.3d 543, 562, 687 N.E.2d 685. Even if Appellant's motorcycle had passed an inspection, it would not be conclusive proof that the exhaust was working properly at the moment that Trooper Pfouts made his traffic stop. Appellant could have tampered with the exhaust in the interim, or it might have become defective after the inspection. At any rate, the only evidence actually admitted at the suppression hearing was Trooper Pfouts' testimony about the loud exhaust noise. With no other evidence to consider, the trial court judge had no real option other than to rule against Appellant on this issue. This assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 8} "The county court erred in overruling appellant's motion to suppress any mention of the results of field sobriety tests as the state of ohio failed to establish minimal levels of reliability as to the instructions given concerning and the conditions under which the field sobriety tests were performed, much less prove strict compliance with the applicable standards."
 {¶ 9} Appellant argues that the results of the field sobriety tests should not have been used to support probable cause for arrest for DUI. Appellant cites State v. Homan (2000), 89 Ohio St.3d 421, 732 N.E.2d 952, which held:
 {¶ 10} "In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." Id. at paragraph one of the syllabus.
 {¶ 11} Homan also sets forth the basic standard of review of probable cause determinations in DUI cases:
 {¶ 12} "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest." (Citations omitted.) Id. at 427.
 {¶ 13} Although Homan ultimately determined that the results of the field sobriety tests could not be used to support probable cause, the facts of the instant case can be distinguished from those in Homan. InHoman, the arresting officer admitted that he did not comply with the established standardized procedures for implementing field sobriety tests. Id. at 427. In the instant case there is no such admission. Trooper Edward Pfouts testified that he performed the walk-and-turn test and the horizontal gaze nystagmus test, and that Appellant was unable to perform the one-leg stand due to a leg injury. (Tr., pp. 8-9.) The trooper testified that the arrest was based on the two tests that Appellant failed, in addition to Appellant's glassy bloodshot eyes and inability to keep his balance. (Tr., pp. 9-10.) Appellant's counsel did not challenge Trooper Pfouts' testimony about the field sobriety tests. Appellant did not introduce any evidence establishing the approved testing standards for field sobriety tests or any evidence showing which testing procedure was supposedly disregarded by Trooper Pfouts. Thus, there is no evidence that Trooper Pfouts actually erred in performing the field sobriety tests.
 {¶ 14} Appellant would like this Court to decide an issue that was not argued at trial and for which no contrary evidence was presented at trial. Appellant has attached to his appellate brief some type of field sobriety test training manual in order to support his argument on appeal. A reviewing court, though, is limited to analyzing the official record, and cannot issue an opinion based on material that was not before the trial court. State v. Vlad, 153 Ohio App.3d 74, 2003-Ohio-2930, at ¶ 14. Because Appellant did not submit evidence at the suppression hearing concerning the specific standards and approved techniques for administering field sobriety tests, he cannot submit new evidence on appeal to establish those standards. State v. Ishmail (1978),54 Ohio St.2d 402, 404, 377 N.E.2d 500.
 {¶ 15} Appellant also appears to be arguing that the state could not introduce evidence of the field sobriety tests as proof of guilt at trial. This matter was recently resolved by the Ohio Supreme Court inState v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37. The issue that was under review in Schmitt was whether any evidence of improperly administered field sobriety tests could be admitted at trial. Schmitt
held that "[a] law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests." Id. at syllabus. This holding specifically covers field sobriety tests that are not performed in compliance with standardized testing procedures. Thus, even if Appellant's allegations about the field sobriety tests are true, Trooper Pfouts was still permitted to give lay testimony at trial about his own observations during the field sobriety tests.
 {¶ 16} The record supports the trial court's conclusion that Trooper Pfouts properly administered the field sobriety tests, and therefore, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 {¶ 17} "The belmont county court erred in overruling appellant's motion to dismiss the instant action based upon the state's failure to bring appellant to trial within ninety (90) days of arrest or service of summons and consequent violation of appellant's right to a speedy trial."
 {¶ 18} Appellant asserts that he was not brought to trial within the statutory speedy trial period. R.C § 2945.71(B) requires that a person charged with a first degree misdemeanor be tried within 90 days. Each day the defendant is held in jail in lieu of bond, except for the first day, counts for three days for speedy trial purposes. R.C. § 2945.71(E). The time within which a person must be brought to trial may be extended by the period of any continuance granted on the accused's own motion or by any reasonable period granted other than upon the accused's motion. R.C. § 2945.72(H). Ohio courts have consistently held that the speedy trial statutes are mandatory and must be strictly enforced. State v. Pachay
(1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589. In analyzing the procedural time-line in a speedy trial appeal, the court of appeals is required to strictly construe any ambiguity in the record in favor of the accused. Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57,661 N.E.2d 706.
 {¶ 19} The foundation of Appellant's argument is that the state violated R.C. § 2937.21, which prohibits any continuance longer than ten days. R.C. § 2937.21 states:
 {¶ 20} "No continuance at any stage of the proceeding, including that for determination of a motion, shall extend for more than ten days unless both the state and the accused consent thereto. Any continuance or delay in ruling contrary to the provisions of this section shall, unless procured by defendant or his counsel, be grounds for discharge of the defendant forthwith."
 {¶ 21} Appellant attempts to apply R.C. § 2937.21 to the time period from the October 1, 2002, suppression hearing until February 19, 2003, which was the date set for trial. Appellant counts ten days from October 1, 2002, and attributes all time after that to the state for purposes of speedy trial calculations.
 {¶ 22} Appellant's reliance on R.C. § 2937.21 is unwarranted. The Ohio Supreme Court has clearly held that R.C. § 2937.21 does not apply to continuances granted in a Municipal Court after a plea of not guilty has been entered in a misdemeanor case. City of East Cleveland v. Gilbert
(1970), 24 Ohio St.2d 63, 65, 263 N.E.2d 400. The statute that does apply is R.C. § 2937.08, which states:
 {¶ 23} "Upon a plea of not guilty or a plea of once in jeopardy, if the charge be a misdemeanor in a court of record, the court shall proceed to set the matter for trial at a future time, pursuant to Chapter 2938."
 {¶ 24} There is no ten-day time limit in R.C. § 2937.08, and therefore, the trial court was not automatically in error for waiting more than ten days to rule on Appellant's motion to suppress.
 {¶ 25} Appellant's entire argument is erroneously premised on the application of R.C. § 2937.21 to the instant case. Our review of the record brings us to the conclusion that there was no speedy trial violation. The trial court's journal entry of February 19, 2003, sets forth the time-line in this case, and it is clear that the delays from October 1, 2002, until the trial date were attributable to Appellant. A motion to suppress was filed on October 1, 2002, which was heard the same day. The court ruled on the motion on January 2, 2003. Generally, a trial court may use its own discretion in deciding how much time is necessary to reasonably rule on a motion to suppress. State v. Stamps (1998),127 Ohio App.3d 219, 228, 712 N.E.2d 762. Appellant does not raise a challenge to the reasonableness of the delay, and the record does not indicate anything unusual about the amount of time the trial judge needed to rule on the motion to suppress. Therefore, this time period is attributable to Appellant. See R.C. § 2945.72(H).
 {¶ 26} The time attributable to the state in this case is 68 days, which includes time between the date of arrest (7/17/02) until the time that Appellant filed his first request for a continuance (8/6/02), which was 20 days, and the time from the court's ruling on the motion to suppress (1/2/03) until the scheduled trial date (2/19/03), a period of 48 days. Appellant was not incarcerated during this time, meaning that the state had 90 days to bring him to trial under R.C § 2945.71(B). The state was within this time period, and Appellant's third assignment of error is therefore overruled.
 ASSIGNMENT OF ERROR NO. 4 {¶ 27} "The county court erred in failing to preserve evidence which materially prejudiced appellant and denied appellant due process of law."
 {¶ 28} Appellant argues that his rights were violated when the state failed to preserve the videotape of the traffic stop. Appellant's fourth assignment of error is moot because the videotape of the traffic stop was found and was submitted on appeal.
 {¶ 29} Based on the analysis above, we affirm in full Appellant's conviction and sentence in the Belmont County Court, Western Division.
Donofrio, J., concurs.
DeGenaro, J., concurs.