OPINION *Page 2 
{¶ 1} Defendant-appellant, Ruth A. Howiler, appeals from her conviction in the Belmont County Court, Western Division, for operation of a motor vehicle while intoxicated (OVI). Howiler alleges that she was denied effective assistance of trial counsel. She first argues that counsel failed to present a witness, and second, that counsel failed to preserve for appellate review the trial court's decision on the motion to suppress.
 {¶ 2} On July 27, 2006, Patrolman Chappell (Chappell) stopped Howiler for driving a vehicle with a loud exhaust system. When Chappell approached Howiler's window, he noticed the smell of unknown alcohol. Upon speaking with Howiler, he noticed that she had slurred speech and bloodshot eyes. He also observed an open bottle of beer pouring onto the floor beside her. She acknowledged having a "couple" of drinks recently. Chappell took her to the sidewalk and administered a standard field sobriety test, which she apparently failed. Chappell then took her to the police department and administered a breath test. Howiler's blood alcohol content registered at .209%. She was cited for loud exhaust in violation of R.C. 4513.22, open container in violation of R.C. 4301.62, and OVI in violation of R.C. 4511.19(A) and released. This was Howiler's second OVI offense.
 {¶ 3} On August 10, 2006, Howiler pleaded not guilty and was appointed counsel.
 {¶ 4} Howiler's counsel moved to suppress the results of the traffic stop. He claimed that Chappell did not have sufficient probable cause to stop the vehicle or probable cause to arrest defendant. Her counsel also issued a subpoena for David A. Singleton (Singleton) to testify on the condition of Howiler's exhaust system.
 {¶ 5} On September 19, 2006, the trial court held a hearing on the motion to suppress. Singleton did not appear. The testimony Howiler's counsel believed would have been presented was stipulated to by the assistant prosecutor and the trial court. The trial court subsequently denied the motion to suppress on November 28, 2006.
 {¶ 6} On December 19, 2006, Howiler withdrew her plea of not guilty, and *Page 3 
instead, entered a plea of guilty. The trial court sentenced Howiler to 60 days in jail with 40 days suspended; probation for two years; one year suspension of her right to operate a motor vehicle; and payment of a fine and costs. This appeal followed.
 {¶ 7} Howiler raises one assignment of error which is broken down into two issues. It states:
 {¶ 8} "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 9} Howiler must satisfy a two-prong test to prove an allegation of ineffective assistance of counsel. She must first establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.C. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, she must prove that she was prejudiced by counsel's deficient performance. Id. To show that she was prejudiced, Howiler must prove that, but-for counsel's errors, the result of the trial would have been different. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 at paragraph three of the syllabus.
 {¶ 10} It is the appellant's burden to prove counsel's ineffectiveness. State v. Dinger, 7th Dist. No. 04 CA 814,2005-Ohio-6942, at ¶ 40. "In Ohio, a licensed attorney is presumed competent." Id. For this review, Howiler must prove that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.State v. Carter (1996), 115 Ohio App.3d 770, 776, 686 N.E.2d 329, citingStrickland 466 U.S. at 686, 104 S.C. 2052, 80 L.Ed.2d 674.
 {¶ 11} For her first argument, Howiler contends that the failure to present a witness on her behalf amounted to ineffectiveness. Singleton was either not served or failed to appear despite being served. Although trial counsel asked for a continuance, he changed his mind and consented to a stipulation of Singleton's proposed testimony. Howiler claims that this failure to present a witness was unreasonable because his testimony could have conflicted with that of Chappell's.
 {¶ 12} "To justify a finding of ineffective assistance of counsel, the appellant *Page 4 
must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." State v.Carter (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, citingStrickland 466 U.S. at 689, 104 S.C. 2052, 80 L.Ed.2d 674; State v.Wickline (1990), 50 Ohio St.3d 114, 126, 552 N.E.2d 913, 925. Generally, an attorney's decision not to call a witness is a trial tactic which will not sustain a claim of ineffective assistance of counsel.Dinger, 7th Dist. No. 04 CA 814, 2005-Ohio-6942, at ¶ 41, citingState v. Payton (1997), 124 Ohio App.3d 552, 558, 706 N.E.2d 842. See, also, State v. Otte (1996), 74 Ohio St.3d 555,660 N.E.2d 711; State v.Williams (1996), 74 Ohio St.3d 456, 659 N.E.2d 1254.
 {¶ 13} Evidence supports the presumption that this decision was a trial tactic. Howiler's argument is based upon mere speculation of what Singleton may or may not have said in his testimony. There is the possibility that Singleton's testimony would have done more harm than benefit to Howiler's case. Instead of testifying to a well-operating, quiet exhaust system, he could have explained the likelihood of her vehicle maintaining a loud exhaust. Additionally, counsel did not know Singleton's level of expertise. A lack of experience or training could have furthered the prosecution's argument. Finally, there was the history between the witness and Howiler to consider. On three separate occasions, the Belmont County Court, Western Division, ordered that the two not have intentional contact or communication with each other. Not knowing how volatile their relationship was, trial counsel may have benefited his case by not pursuing a second subpoena.
 {¶ 14} The stipulation provides additional evidence that a tactic was used. Trial counsel's suggestion that Singleton "did work on the vehicle, that he checked it, gave it a complete inspection while he was working on it and saw no problem with the exhaust, and that he's experienced in working with cars," was accepted by the court as stipulated testimony. (Motion Tr. pp. 14). Singleton's appearance could not have altered this stipulated testimony to such an extent as to change the trial's outcome. Without more than mere speculation as to what Singleton's testimony would entail, and without a showing that not calling Singleton amounted to more than just a tactical decision, Howiler has not shown that trial counsel's failure to issue a *Page 5 
second subpoena was so material as to effectively deny her assistance of counsel.
 {¶ 15} Trial counsel provided the trial court, acting as trier of fact, with as much information as possible to enhance Howiler's case. It is doubtful that had Singleton appeared he could have convinced the court that Howiler's car did not have a loud exhaust system. The length of time between the vehicle's last inspection and the traffic stop leaves enough uncertainty for the court to rule in favor of the State. In a similar case, this court held that even if a motorcycle had passed an inspection, it would not be conclusive proof that the exhaust was working properly at the moment that the state trooper made his traffic stop. State v. Snyder, 7th Dist. No. 03 BE 15, 2004-Ohio-3200, at ¶ 7. The court cited several possibilities for a once well-operating exhaust system to now not function properly. For example, "Appellant could have tampered with the exhaust in the interim, or it might have become defective after the inspection." Id.
 {¶ 16} Howiler has shown no prejudice because Singleton failed to appear. His testimony was uncertain, and what was expected to be stated was stipulated. Furthermore, Howiler has not shown that the motion hearing's outcome would have been different had trial counsel personally called Singleton. At the hearing, the trial court considered all the testimony and held that Chappell's observation of Howiler's vehicle having a loud exhaust was sufficient reasonable suspicion for a traffic stop. Singleton's lack of appearance was not a but-for cause of the trial court's ruling.
 {¶ 17} Because Howiler's counsel did subpoena the witness and did stipulate to presumed testimony, this argument does not amount to a denial of effective counsel.
 {¶ 18} Howiler's second argument is that trial counsel failed to preserve for appellate review the trial court's decision on the motion to suppress.
 {¶ 19} Both Howiler and the State are correct in asserting that a defendant who enters a guilty plea waives the right to appeal all non-jurisdictional issues arising at prior stages of the proceedings.State v. McQueeney, 12th Dist. No. CA95-06-065, 2002-Ohio-3731, at ¶ 34. By entering a guilty plea, a defendant waives the right to raise on appeal the correctness of a trial court's suppression ruling. Not preserving *Page 6 
an issue for appeal, however, does not necessarily amount to ineffectiveness.
 {¶ 20} "Reviewing courts give great deference to defense counsel's performance and do not second-guess his or her trial tactics or related strategic decisions." State v. Hubbard, 7th Dist. No. 01 JE 4, 2002-Ohio-6904, at ¶ 37 citing State v. Carter (1995),72 Ohio St.3d 545, 558, 651 N.E.2d 965. It is the presumption of the reviewing court that counsel's conduct falls within the wide range of reasonable professional assistance. Hubbard, 7th Dist. No. 01 JE 4, 2002-Ohio-6904, at ¶ 36 citing State v. Thompson (1987), 33 Ohio St.3d 1, 10,514 N.E.2d 407. Although there is nothing in the record to suggest why Howiler changed her plea, it was presumably due to a strategy adopted by original counsel.
 {¶ 21} Ruling in favor of trial counsel, this court in State v.Carter explained, "when trial counsel chooses a strategy which later proves to be ineffective, the fact that another or better strategy was available does not amount to a breach of an essential duty to his client." State v. Carter (1996), 115 Ohio App.3d 770, 777,686 N.E.2d 329, citing State v. Clayton (1980), 62 Ohio St.2d 45, 49, 16 O.O.3d 35,37-38 402 N.E.2d 1189, 1192. "A court must presume that numerous choices, perhaps even disastrous ones, are made on the basis of a tactical decision and do not constitute ineffective assistance of counsel." State v. Barr, 7th Dist. No. 03 CO 44, 2004-Ohio-3900, at ¶ 30, citing State v. Carpenter (1996), 116 Ohio App.3d 615, 626,688 N.E.2d 1090, citing State v. Bradley (1989), 42 Ohio St.3d 136, 144,538 N.E.2d 373. Because trial counsel are entitled to a strong presumption that all decisions are within the wide range of reasonable, professional assistance, Howiler's counsel's efforts as defense counsel did not fall below the reasonable objective standards of effective counsel. State v.Baumgartner, 7th Dist. No. 00-CA-63, 2002-Ohio-3174, at ¶ 58, citingState v. Sallie (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 22} If an appellant's effectiveness claim can be disposed of on the ground of prejudice alone, it should be, without engaging in an analysis of counsel's performance. Baumgartner, 7th Dist. No. 00-CA-63, 2002-Ohio-3174, at 58, citing Bradley, 42 Ohio St.3d at 143,538 N.E.2d 373, citing Strickland, 466 U.S. at 696, 104 S.Ct. 2052, 80 L.Ed.2d 674. Even if the appellate court does not believe that a *Page 7 
litigation strategy was involved and analysis of counsel's performance is necessary, this claim of ineffectiveness will still fail the second prong of the Strickland test.
 {¶ 23} In an appeal of a suppression issue, the appellate court conducts a de novo review of the trial court's application of the law to the facts; whether the trial court met the applicable legal standard is a question of law answered without deference to the trial court's conclusion. Hodge, 7th Dist. No. 01 CA 76, 2002-Ohio-3053, at ¶ 9, citing State v. Anderson (1995), 100 Ohio App.3d 688, 691,654 N.E.2d 1034; State v. Strassman (Nov. 20, 1998), Athens App. No. 98 CA 10, at 2; State v. Lloyd (1998), 126 Ohio App.3d 95, 100, 709 N.E.2d 913. Review of a motion to suppress presents mixed issues of law and fact.State v. Lake, 7th Dist. No. 209, 2003-Ohio-332, at ¶ 12. When conducting a review, appellate courts must accept a trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting those facts as true, the appellate court must then determine whether the trial court's decision met the applicable legal standard. Id.
 {¶ 24} Howiler's motion to suppress was based on a factual issue of whether her exhaust was too loud. In order to make an investigative traffic stop, an officer must have a reasonable suspicion, based on specific and articulable facts, that the motorist was engaged in criminal activity or that the vehicle was in violation of the law.State v. Snyder, 7th Dist. No. 03 BE 15, 2004-Ohio-3200, at ¶ 5, citingDayton v. Erikson (1996), 76 Ohio St.3d 3, 12, 665 N.E.2d1091; Terry v.Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. No matter how slight, a police officer in a marked cruiser may stop a vehicle for any traffic violation for the purpose of issuing a citation for the violation. Hodge, 7th Dist. No. 01 CA 76, 2002-Ohio-3053, at ¶ 18, citing Wren v. United States (1996), 517 U.S. 806, 116 S.C. 1769,135 L.Ed. 2d 89; Dayton v. Erickson (1996), 76 Ohio St. 3d [3]665 N.E. 2d 1091. The alleged criminal activity in this case was that Howiler's exhaust system was too loud in violation of R.C. 4513.22. Chappell testified that he thought the exhaust system was excessively loud because he could hear it from three car lengths away. Normally, a police officer's observation of a traffic violation will constitute reasonable cause to initiate a traffic stop. Snyder, 7th Dist. No. 03 BE 15,2004-Ohio-3200, at ¶ 5, See State v. Hodge, *Page 8 
7th Dist. No. 01 CA 76, 2002-Ohio-3053. After listening to Howiler, Chappell, and considering the stipulated testimony, the trial court determined that Howiler's vehicle had a loud exhaust system and that this was sufficient reasonable cause for the traffic stop.
 {¶ 25} In State v. Carter, the Ohio Supreme Court concluded that prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of a trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965, citing Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 842-843, 122 L.Ed.2d 180, 189-191. Accordingly, the second prong of the Strickland test requires the defendant to show that counsel's error was so serious as to deprive the defendant of a fair trial or a reasonable probability that the result of the trial would be different.State v. Hubbard, 7th Dist. No. 01 JE 4, 2002-Ohio-6904, at ¶ 36, citingState v. Thompson, 33 Ohio St.3d at 10, 514 N.E.2d 407.
 {¶ 26} Because Chappell had a reasonable and articulable suspicion that a violation of the law had occurred, the trial court did not err in overruling Howiler's motion to suppress. Howiler received the effective assistance of counsel as guaranteed her by the Constitution.
 {¶ 27} Accordingly, Howiler's sole assignment of error is without merit.
 {¶ 28} The judgment of the trial court is hereby affirmed.
Vukovich, J., concur.
 DeGenaro, P.J., concur. *Page 1