OPINION *Page 2 
{¶ 1} Defendant-appellant John Barnhart Jr. ("Barnhart") brings this appeal from the judgment of the Court of Common Pleas of Putnam County, Juvenile Division adjudicating him as a delinquent after he was found guilty of rape. For the reasons discussed below, the judgment is affirmed.
 {¶ 2} On May 1, 2007, Barnhart was indicted on one charge of rape with a specification that he qualified as a serious youthful offender. The charge was based on the fact that the victim was a young woman with mild to severe mental retardation. The relationship between the victim and Barnhart came to light when the victim became pregnant. DNA testing conducted after the birth of the child concluded that Barnhart was the father with a probability of 99.9999%. At the time of the sexual conduct, the victim was seventeen and Barnhart was fourteen. On August 20 and 21, 2007, a jury trial was held. The jury found Barnhart guilty of rape if committed by an adult and the trial court found him to be delinquent. The trial court held a dispositional hearing on October 4, 2007, and the trial court determined that a serious youthful offender disposition would not be imposed. The trial court then ordered Barnhart committed to the Department of Youth Services for a minimum of three years to age 21, but stayed the commitment upon condition that Barnhart be accepted and complete the Sexual Offender Program at Northwest Juvenile Residential Center in Bowling Green, Ohio, and successfully *Page 3 
complete probation to age 18. Barnhart appeals from the finding of guilty by the jury and raises the following assignments of error.
 First Assignment of Error [Barnhart] received ineffective assistance of counsel for failing to call [Barnhart] as a witness.
 Second Assignment of Error [Barnhart] received ineffective assistance of counsel for failing to inquire as to [the victim's] competency to testify.
 Third Assignment of Error Evidence was insufficient to support the conviction as [the] State failed to prove that [the victim] could not consent to consensual sexual activity.
 Fourth Assignment of Error Evidence was insufficient to support the conviction as [the] State failed to prove that [Barnhart] had reason to know of [the victim's] potential inability to consent to sexual activity.
 {¶ 3} In the third and fourth assignments of error, Barnhart claims that the evidence is insufficient to support his conviction which underlies the adjudication of delinquency. Since the determination of these assignments of error affects the others, we will address them first. "In reviewing a claim under the sufficiency of the evidence standard, an appellate court must determine `whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable *Page 4 
doubt.'" In re Redmond, 3rd Dist. No. 1-06-90,2007-Ohio-3125, ¶ 6 (citing State v. Bridge, 3rd Dist. No. 1-06-30, 2007-Ohio-1764).
 {¶ 4} Barnhart was charged with a violation of R.C. 2907.02(A)(1)(c). To prove this charge, the State had to prove that Barnhart engaged in sexual conduct with the victim and that the victim's ability to consent was substantially impaired because of a mental condition and the offender knew or had reasonable cause to believe that the victim's ability to consent was substantially impaired. R.C. 2907.02(A)(1)(c) (emphasis added). Barnhart argues in the third assignment of error that the State failed to prove that the victim was not capable of consenting to sexual conduct.
 {¶ 5} A review of the record in this case indicates, as Barnhart claims, that the State's expert witness testified that the victim could possibly engage in consensual sexual conduct. Tr. 92. However, the same witness testified that the victim was not capable of understanding the consequences of consent and that her mental condition impaired her ability to give consent. Tr. 77-78, 93-94. Specifically, the witness testified as follows.
 A. I don't think that she would have been able to maybe understand what was happening, or what the consequence of that action would be.
 Q. * * * And that would be in regards to the act of engaging in sexual intercourse? *Page 5 
 A. Yeah, I don't think she has any idea what sexual intercourse is.
Tr. 94.
 {¶ 6} Additionally, the victim's mother testified that the victim was completing first grade level work in high school, that she is not capable of recognizing danger. Tr. 26-27. The victim is not capable of dialing a telephone number or using the remote control on the television as those concepts are too difficult for her to recall. Tr. 56. The adult case manager who evaluated the victim testified that in his opinion, the victim's ability to make judgments was severely impaired by her mental condition. Tr. 102. The school psychologist testified that the victim's IQ score was approximately 40. Tr. 149. This places the victim's cognitive abilities at between four and five years of age. Tr. 150, 152. Viewing all of the above evidence in a light most favorable to the State, a reasonable juror could conclude that the victim was not capable of giving consent for sexual intercourse. The third assignment of error is overruled.
 {¶ 7} The fourth assignment of error raises the question whether Barnhart knew or had reason to know of the victim's impairment. A review of the record indicates that there is no evidence that Barnhart knew of the impairment beyond a reasonable doubt as there is no evidence that he was informed by anyone of the victim's mental condition. However, the record indicates that Barnhart spent time with the victim. His grandmother testified that Barnhart knew that she provided *Page 6 
respite care for the parents of special needs children and that she was caring for the victim. Tr. 122. Additionally, testimony was presented that the victim's mental impairment is readily available after spending only a few minutes in her company. Tr. 77, 104-05, and 175-76. Given this evidence and viewing it in a light most favorable to the State, a reasonable juror could conclude that Barnhart had reasonable cause to believe that the victim's ability to consent was impaired. Thus, verdict is supported by sufficient evidence and the fourth assignment of error is overruled.
 {¶ 8} The first and second assignments of error both claim that Barnhart was denied effective assistance of counsel at his trial. "Reversals of convictions on ineffective assistance requires the defendant to show `first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, ¶ 105, 772 N.E.2d 81. The defendant must show that there was a reasonable probability that but for counsel's error, the result of the trial would have been different. Id. at ¶ 108.
 {¶ 9} Barnhart's first claim is that counsel was ineffective for failing to call him to testify at trial. "Generally, an attorney's decision not to call a witness is a trial tactic which will not sustain a claim of ineffective assistance of counsel." State v. Howiler, 7th Dist. No. 06-BE-69, 2008-Ohio-1171, ¶ 12. Although *Page 7 
Barnhart claims that it was error to not call him as a witness, he does not state how this would have changed the verdict. His claim is that the jury should have heard from him as to his knowledge of the victim's mental ability to consent. As discussed above, the jury is not required to find that Barnhart had actual knowledge of the victim's mental ability. The statute merely requires that the offender have reasonable cause to believe that the victim's mental ability is impaired. Thus, even if Barnhart had testified he had no actual knowledge, sufficient evidence was presented for a jury to conclude that he should have known about the victim's impairment. The failure to have Barnhart testify is not prejudicial as there is no reasonable probability that the verdict would be different if he had testified. The first assignment of error is overruled.
 {¶ 10} Finally, Barnhart claims in the second assignment of error that counsel was ineffective for failing to request the trial court hold a competency hearing to determine if the victim was qualified to testify. Barnhart notes that the State had the victim on its witness list, but she was not called. Since neither the State nor Barnhart called the victim as a witness, there was no requirement for the trial court to determine the victim's competency to testify. Additionally, Barnhart cites to no authority that would permit a competency hearing on a victim who is not testifying. Since the victim was not called to testify, her competency to do so *Page 8 
was not at issue and trial counsel was not ineffective for not requesting a competency review. The second assignment of error is overruled.
 {¶ 11} The judgment of the Court of Common Pleas of Putnam County, Juvenile Division is affirmed.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1