[Cite as *State v. Small*, 2012-Ohio-149.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 10-CA-138 |
| | : | |
| | : | |
| DOUGLAS D. SMALL | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:          Criminal Appeal from Licking County
                                                          Court of Common Pleas Case No.
                                                          10-CR-00246

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:          January 13, 2012

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

KENNETH W. OSWALT                    MATTHEW J. KINSMAN
Licking County Prosecutor               33 W. Main Street
Licking County, Ohio                        P.O. Box 4190
20 S. Second Street, Fourth Floor    Newark, Ohio  43058-4190
Newark, Ohio  43055

                                                          DOUGLAS D. SMALL
                                                          Inmate #A639-643
                                                          Ross Correctional Institute
                                                          P.O. Box 7010
                                                          16149 St. Route 104
                                                          Chillicothe, Ohio  45601

*Edwards, J.*

{¶1} Appellant, Douglas Small, appeals his conviction and sentence entered in the Licking County Court of Common Pleas. Appellant was convicted by a jury of one count of Robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2), one count of Intimidation of a Victim/Witness in a Criminal Case, a felony of the third degree, in violation of R.C. 2921.04(B), two counts of Assault, misdemeanors of the first degree, in violation of R.C. 2903.13(A)(1), and one count of Intimidation, a felony of the third degree, in violation of R.C. 2921.03(A).

{¶2} The trial court sentenced appellant to a term of three years on each of the felony counts ordered to be served consecutively to one another for a total prison term of nine years. The misdemeanor sentences were ordered to be served consecutively with each other and concurrently with the other counts.

{¶3} Counsel for appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed assignments of error. Appellant did file a pro se brief alleging one additional assignment of error as well as one assignment of error which mirrors one raised by counsel relative to the consecutive sentences.

{¶4} Appellant raises the following potential assignments of error:

I

{¶5} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S CRIMINAL RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL."

II

**{¶6}**  "THE TRIAL COURT ERRED IN FAILING TO MAKE THE REQUIRED FINDINGS UNDER R.C. 2929.14(E)(4) TO JUSTIFY CONSECUTIVE SENTENCES."

III

**{¶7}**  "TRIAL COUNSEL WAS INEFFECTIVE IN MULTIPLE WAYS, AND THE CUMMULATIVE EFFECT RESULTED IN PREJUDICE OF DEFENDANT.  (1) FAILING TO RENEW CRIM.R. 29 MOTION FOR ACQUITTAL AT THE CLOSE OF ALL EVIDENCE. (2) FAILING TO CALL KEY WITNESSES (3) FAILING TO PRESENT DEFENDANTS PHONE RECORDS."

**{¶8}**  In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id*.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id*.*  Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id*.*  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

**{¶9}**  Counsel in this matter has followed the procedure in *Anders v. California (1967), 386 U.S. 738*, we find the appeal to be wholly frivolous and grant counsel's

motion to withdraw. For the reasons which follow, we affirm the judgment of the trial court:

I

{¶10} In his first assignment of error, appellant argues the trial court erred in denying appellant's motion for acquittal.

{¶11} Crim. R. 29(A) requires a trial court, upon motion of the defendant, to enter a judgment of acquittal of one or more offenses charged in an indictment if the evidence is insufficient to sustain a conviction of the offense or offenses. However, a trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. On appeal of the denial of a Crim .R. 29(A) motion, the "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Williams,* 74 Ohio St.3d 569, 576, 1996-Ohio-91, 660 N.E.2d 724, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶12} Appellant was convicted of Robbery, Intimidation of a Crime Victim/Witness, two counts of Assault, and Intimidation of a Public Servant. The facts presented in the State's case taken in the light most favorable to the State established that appellant and three other men were involved in a day of heavy drinking. The men moved their location during the course of the day ending up near appellant's home. Appellant physically attacked two of his drinking partners and demanded one of their cell phones. After taking the cell phone, appellant told the phone's owner that he would

kill him if he called the police. Two other witnesses testified to the events. Police were called, and appellant was arrested. Thereafter, the cell phone was discovered after a search of appellant's house.

{¶13} At the time of the arrest, appellant threatened police. Furthermore, he was acting in such a manner as to require police to institute additional safeguards in transporting appellant.

{¶14} Upon review of the evidence, we find appellant has failed to demonstrate that when the evidence is considered in a light most favorable to the State a reasonable trier of fact could not have found that all of the elements of each offense were proven beyond a reasonable doubt. For this reason, we find the trial court did not err in denying appellant's motion for acquittal.

{¶15} Appellant's first assignment of error is overruled.

II

{¶16} In his second assignment of error, appellant maintains the trial court improperly imposed consecutive sentences.

{¶17} In *State v. Foster*, the Ohio Supreme Court held, trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100.

{¶18} The Ohio Supreme Court recently reaffirmed its hold in *Foster,* "We hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and

2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *State v. Hodge*, 2010 WL 5392914.

**{¶19}** Because the sentences in this case are within the range provided by R.C. 2929.14, the trial court did not abuse its discretion in imposing consecutive sentences.

**{¶20}** For this reason, appellant's second assignment of error is overruled.

III

**{¶21}** In his final assignment of error, appellant avers he was denied effective assistance of trial counsel because trial counsel failed to renew the motion for acquittal, failed to call two of the four police officers who were at the scene of the offense, and failed to introduce appellant's phone records into evidence.

**{¶22}** We have already determined the motion for acquittal lacked merit, therefore, appellant has not shown any prejudice due to the failure to renew the motion for acquittal.

**{¶23}** With regard to failing to introduce certain witnesses, counsel's decision regarding the calling of witnesses is within the purview of trial strategy. *State v. Coulter* (1992), 75 Ohio App.3d 219, 230, 598 N.E.2d 1324; *State v. Hunt* (1984), 20 Ohio App.3d 310, 312, 486 N.E.2d 108. The failure to subpoena witnesses for trial does not violate counsel's duty to defendant absent a showing of prejudice. *Id.* Accordingly, courts have traditionally been reluctant to find ineffective assistance of counsel in those cases where an attorney fails to call a particular witness. See *State v. Otte* (1996), 74

Ohio St.3d 555, 565-66, 660 N.E.2d 711; *State v. Williams* (1996), 74 Ohio St.3d 456, 659 N.E.2d 1254.

**{¶24}** There is nothing in the record before us on appeal which would demonstrate prejudice in failing to call the remaining two officers who were at the scene.

**{¶25}** As it relates to the failure to introduce phone records, likewise, the phone records are not in the record before us. Appellant has again failed to demonstrate the failure to introduce these records prejudiced appellant.

**{¶26}** For these reasons, appellant's third assignment of error is overruled.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/as1031

[Cite as *State v. Small*, 2012-Ohio-149.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :
                  Plaintiff-Appellee      :
                                          :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
DOUGLAS D. SMALL                          :
                                          :
                  Defendant-Appellant     :          CASE NO. 10-CA-138


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Attorney Kinsman is permitted to withdraw as counsel of record. Costs assessed to appellant.


                                                  _____

                                                  _____

                                                  _____

                                                       JUDGES